UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                              CASE NO.  6:13-bk-08466

SOUTH FLORIDA SOD, INC.                             CHAPTER 11

        Debtor.

_____/

## CHAPTER 11 CASE MANAGEMENT SUMMARY

**SOUTH FLORIDA SOD, INC.** ("SFS" or "Debtor"), by and through its undersigned counsel, and pursuant to Administrative Order FLMB 2009-1, hereby files its Chapter 11 Case Management Summary and states as follows:

1. On July 9, 2013 ("Petition Date"), SFS filed its voluntary petition for reorganization under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") (Doc. No. 1).

2. No trustee has been appointed. SFS continues to operate its business and manage its property as a debtor-in-possession under §§ 1107 and 1108 of the Bankruptcy Code.

### I. Description of the Debtor's Business.

3. Since the 1990's, the Debtor has been engaged in the business of selling and distributing sod and turf-grass for use in homes and also golf courses and sports/athletic fields throughout the United States and overseas.

4. As of the Petition Date, the Debtor owns or has an ownership interest in thirteen (13) properties located in Florida, Georgia, Michigan, and Montana (collectively, the "Properties").

1

5. The Properties are:

a) 4366 E. Kinsey Road, Avon Park, Highlands County, Florida, purchased in 2005, and used for sod and hay farming (the "Farm 1 Property");

b) 2110 acres on Highway 19, Little Ockmulgee River, Lumber City, Wheeler County, Georgia, purchased in 2007, and used for timber and hunting purposes (the "Little Ockmulgee Property");

c) 5,771+/- acres at Toledo Blade/I-75 in North Port, Sarasota County, Florida, purchased in 2005, and used for cattle and timber purposes (the "McCall's Ranch Property");

d) 500 acres on Camp Mack Road & Barney Keen Road, Lake Wales, Polk County, Florida, purchased in 2006, and used for cattle purposes (the "Lake Rosalie Property");

e) 200 acres near Bonnet Creek Road, Avon Park, Highlands County, Florida, purchased in 2005, and used for sod and hay farming (the "Farm 2 Property");

f) 2000 acres on 4-D Road, Lake Placid, Highlands County, Florida, purchased in 2006, and used for cattle, sod, and hay farming (the "Gator State Property");

g) 90 acres on Mineral Branch Road, Zolfo Springs, Hardee County, Florida, purchased in 1998, and used for cattle purposes (the "Republic Grove Property");

h) 400 acres at 450 Lonesome Island Road, Lake Placid, Highlands County, Florida, purchased in 2008, and used for citrus farming (the "Seventy Groves Property")[1];

i) a residential property at Camp Mack Road & Mar Lisa Cove Road, Lake Wales, Polk County, Florida, purchased in 2007, and used as a residence (the "Mar Lisa

---

[1] There is no secured lender on the Seventy Groves Property.

2

Property")[2];

j) a residential property at 2997 Lovingood Road, Hiawassee, Towns County, Georgia, purchased in 2005, and used as a residence (the "Hiawassee House")[3];

k) 500 acres on which a residential property is located on Burnt Island, Chippewa County, Michigan, purchased in 2006, and used as a summer office (the "Summer Office")[4];

l) a residential property at 1700 Lake Shipp Drive SE, Winter Haven, Polk County, Florida, purchased in 2009, and used as a residence (the "Lake Shipp Property")[5]; and

m) 86 acres on which two hunting cabins are located near Cat Creek, Garfield County, Montana, purchased in 2008, and used for hunting (the "Montana Property")[6].

## II. Location of Debtor's Operations and Whether Leased or Owned.

6. The Debtor's principal asset is the Ranch Property and the location of the corporate office is 4633 E. Kinsey Road, Avon Park, Florida.

7. The Properties are owned in fee simple and the Gator State Property has a six (6) month lease on it with Wabasso Dairies, Inc. ("Wabasso"), for cattle grazing. The Debtor collects $18,000 every six (6) months from Wabasso for Wabasso's use of the property.

## III. Reasons for Filing Chapter 11.

8. The sod farming business is tied directly to the number of new building permits that are (or are not) issued each day. Unfortunately, the issuance of those permits is now few and far between.

---

[2] There is no secured lender on the Mar Lisa Property.
[3] There is no secured lender on the Hiawassee Property.
[4] There is no secured lender on the Summer Office Property.
[5] There is no secured lender on the Lake Shipp Property.
[6] There is no secured lender on the Montana Property.

9.   In addition, in Florida, in order to obtain a Certificate of Occupancy on a new building sod must be placed on the new property. Because new homes and businesses are not being established as they once were before this historically depressed economy, nearly 70% of the sod farming businesses that were operating six years ago are now gone and out of business.

10.   During the heyday of the Debtor's business operations, it would sell approximately 40 to 50 "loads" of grass per day. A typical "load" contained 10,000 square feet of grass and would sell for around $2,000 per load. At present, and during at least the last three to four years, the Debtor is not selling any loads.

11.   In addition, over the past five (5) years, there has been only one (1) newly built golf course that required sod or turf-grass from SFS. The well-documented losses and decreased capital markets to both the U.S. and overseas real estate markets has drastically impacted the Debtor's cash flow and its revenue has dropped significantly. As a consequence, the Debtor defaulted on certain loan obligations, and at least one of the secured lenders (Orange Hammock Ranch, LLC ("Orange Hammock"), the lender on the McCall's Ranch Property) has filed a foreclosure action.

12.   In addition, as part of its business operations, the Debtor owned a King Air Super 350, prop-jet airplane, which was appraised in excess of $2.4 million (the "Plane").

13.   The Plane was purchased with a promissory note that was ultimately sold to Texas 1845, LLC ("Texas 1845"), who repossessed the Plane and quickly (and unconventionally) disposed of the Plane to the first available buyer for $1.3 million.

14.   Texas 1845 then brought an action against the Debtor (and others, including Debtor's principals) for the alleged deficiency owed on the promissory note. On April 5, 2013, a

judgment was entered against the Debtor for $1,646,725.32. Debtor disputes the judgment amount and will file an objection to any claim filed by Texas 1845.

15. Ultimately, the Debtor determined that it is in the best interests of all parties to seek reorganization under Chapter 11. As part of its plan of reorganization, Debtor intends to auction off the McCall's Ranch Property, which has a market value in excess of $20,000,000.00.

### IV. List of Officers and directors and their salaries and benefits at the time of filing and during the one year prior to filing.

16. The officers of the Debtor and their salaries are:

   a) Wiley T. McCall, President, $7,500/month;

   b) Nancy J. McCall, Secretary, $5,000/month;

   c) Bryant McCall, Vice President, $450/week; and

   d) Melissa Chandler, Treasurer, $300/week.

17. Wiley T. McCall is owner of 100% of the Debtor's stock.

18. All of the officers above are currently taking a monthly (and/or weekly) salary and are requesting to take a salary during this bankruptcy proceeding. A Motion for Authority to Compensate Officer will be filed for Mr. Wiley T. McCall.

### V. Amounts Owed to Various Classes of Creditors.

19. As of the Petition Date, Debtor was indebted to various lenders (collectively, the "Secured Lenders") as set forth below:

| SECURED LENDER | APPROXIMATE DEBT & PROPERTY |
| --- | --- |
| Wauchula State Bank | $3,636,498.51<br>(Farm 1 Property)<br>(Lake Rosalie Property)<br>(Farm 2 Property) |

|                       | (Republic Grove Property) $53,000 (Loan) |
|---|---|
| George D. Warthern Bank | $2,164,768.91 (Little Ockmulgee Property) |
| Orange Hammock        | $11.5 million (McCall's Ranch Property) |
| Gerald Darroh, Inc.   | $6,148,000 (Gator State Property) |
| Texas 1845            | $1,600,000.00[7] (Judgment) |

20. The Debtor has approximately $2,595,099.93 in non-disputed unsecured debt (of which $2,488,860.77 is from an insider loan to the Debtor), and at least $1,600,000.00 in disputed unsecured debt.

### VI. General description and approximate value of the Debtor's current and fixed assets.

21. The Debtor has approximately $23,502,267.42 in secured debt.

22. The Debtor is still in the process of evaluating each of its Properties, but based upon appraisals for the McCall's Ranch Property, the Debtor believes that property is worth in excess of $20,000,000.00.

### VII. Number of employees and amounts of wages owed as of the Petition Date.

23. As of the Petition Date, the Debtor has fifteen (15) employees, and total prepetition wages owed as of the Petition Date are approximately $0.00.

---

[7] Debtor intends to commence an action under 11 U.S.C. §547 to avoid this lien.

## VIII. Anticipated emergency relief to be requested within 14 days from the Petition Date.

24.    The following First-Day Motion will be filed:

    a.    Motion for Authority to Compensate Officer.

**RESPECTFULLY SUBMITTED** this 9th day of July 2013.

/s/ Jason H. Klein
**R. Scott Shuker, Esq.**
Florida Bar No. 984469
rshuker@lseblaw.com
**Jason H. Klein, Esq.**
Florida Bar No. 0016687
jklein@lseblaw.com
**LATHAM, SHUKER,
EDEN & BEAUDINE, LLP**
bknotice@lseblaw.com
111 N. Magnolia Ave., Suite 1400
Orlando, Florida 32801
Telephone: 407-481-5800
Facsimile:   407-481-5801
*Attorneys for Debtor*

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                               CASE NO.   6:13-bk-08466

**SOUTH FLORIDA SOD, INC.**                          CHAPTER 11

        Debtor.
_____/

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true copy of **CHAPTER 11 CASE MANAGEMENT SUMMARY** has been furnished either electronically and/or by U.S. First Class, postage prepaid mail to: **South Florida Sod, Inc.**, c/o Wiley T. McCall, 4366 E. Kinsey Road, Avon Park, Florida 33825; the **Local Rule 1007-2** Parties-in-interest list, as shown on the matrix attached to the original of this statement filed with the Court; and the **U.S. Trustee**, 400 W. Washington Street, First Floor, Orlando, FL 32801, this 9th day of July, 2013.

                                                /s/ Jason H. Klein
                                                **Jason H. Klein, Esq.**

Blue Ridge Mountain EMC
P.O. Box 1366
Hayesville, NC 28904-1366

Century Link
P.O. Box 1319
Charlotte, NC 28201-1319

Choice Environmental
P.O. Box 1478
Lehigh Acres, FL 33970

Duke Energy
P.O. Box 33199
St. Petersburg, FL 33733-6199

Home Depot Credit Services
Dept. 32-2000345508
P.O. Box 6029
The Lakes, NV 88901

Lynch, Johnson & Long
603 N. Indian River Dr.
Ste. 300
Fort Pierce, FL 34950-3057

Masters and Sellars, PC
152 Colorado Ave.
Monstrose, CO 81401

Peace River Electric
P.O. Box 1310
Wauchula, FL 33873-1310

Rossway Moore Taylor & Swan
2101 Indian River Blvd.
Suite 200
Vero Beach, FL 32960

Schiff Law Group
1211 N. Westshore Blvd.
Suite 401
Tampa, FL 33607

Tractor Supply
P.O. Box 689020
Dept. 30-1102738
Des Moines, IA 50368-9020

Verizon Wireless Svcs
PO Box 660108
Dallas, TX 75266

VFS Leasing Co.
P.O. Box 26131
Greensboro, NC 27402