UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                                                  Chapter 11
                                                                        Case no. 6:13-bk-08466-CCJ
South Florida Sod, Inc.                                                 **EXPEDITED HEARING**
                                                                        **REQUESTED ON OR BEFORE**
        Debtor.                                                         **SEPTEMBER 5, 2013**
_____/

**DEBTOR'S MOTION FOR AUTHORITY
TO OBTAIN CREDIT, EXPEDITED HEARING REQUESTED**

Debtor, South Florida Sod, Inc, requests the order of this Court authorizing Debtor to obtain credit and states that:

1. <u>Certificate of Necessity for Emergency Hearing</u>.  Pursuant to F.R.B.P. 4001 and Local Rule 9004-2(d), the Debtor requests an expedited hearing of this motion for the time of the currently scheduled status conference for the case set on September 5, 2013 at 1:30 p.m. The Debtor has operating expenses which must be paid on or about the date requested for the hearing. The Debtor does not have sufficient available sources of working capital and financing to carry on the operation of its business without the Post-Petition Financing.  The ability of the Debtor to pay employees, maintain business relationships with vendors and suppliers, purchase new inventory, and otherwise finance its operations is essential to the Debtor's continued viability.  If this motion is not heard on an expedited basis, then the Debtor will suffer immediate and irreparable harm.  If the Debtor is not able to pay its operating expenses, the result will be loss of the going concern value of the Debtor's business and elimination of the possibility of and opportunity for reorganization. The Debtor estimates a hearing of this motion will take approximately thirty minutes.

2. <u>Procedural Background</u>**.**  On July 9, 2013 ("Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code.  Debtor has been

authorized to operate the business of Debtor pursuant to Section 1108 (Doc. No. 10). Debtor seeks relief pursuant to Bankruptcy Code § 364. This Court has jurisdiction pursuant to 28 U. S. C. §1334(b). This is a core proceeding.

3. <u>Description of Business</u>**.** The Debtor owns multiple parcels of rural real estate in Florida, Georgia, Michigan and Montana. The Debtor uses these parcels in its sod, hay, cattle, timber, stumping and hunting operations. Currently the Debtor is refocusing its operations to high quality hay production.

4. <u>Proposed Lender</u>. The proposed lender is Wauchula State Bank ("Wauchula"), which is a creditor of the Debtor.

5. <u>Proposed Loan Agreement</u>. Subject to approval of this Court, the Debtor wishes to enter into a DIP Loan Agreement (the "Agreement") with Wauchula. A copy of the term sheet for the Agreement is attached as Exhibit A ("Term Sheet"). The following is a summary of selected provisions of the Agreement:

    a. <u>Interest rate</u>. 10 % per annum, plus 3 points on all advances made at the time of the advance.

    b. <u>Liens</u>. The debt is to be secured by: (i) a second mortgage on the property known as the "McCall Ranch" located in Sarasota County, Florida, junior only to that of Orange Hammock Ranch LLC; and (ii) a first mortgage on the Debtor's property on Burnt Island, Michigan known as the "Summer Office." The Debtor had been discussing a loan for operations prepetition. In the confusion prior to filing, a mortgage was erroneously recorded post-petition on the Summer Office as a result of these discussions. A copy of the mortgage is attached hereto as Exhibit "B". The parties had intended to release that mortgage, but request the Court to instead ratify the mortgage to secure the DIP lending facility. This will save the estate recording costs

and the necessity of new title work.  There will be substantial equity in the property even if the full amount of the loan is advanced. A new mortgage will be prepared and recorded to secure a second position on the McCall Ranch.

        c.      <u>Prepetition Debt and Liens of Lender</u>.  The liens granted under the proposed DIP financing will not provide adequate protection for the existing pre-petition debts owed to Wauchula.   The debts owed to Wauchula are as follows:

        i.      Loan xxxx2766 approximately $3,000,000 secured by a first lien on the "Lake Rosalie Property."

        ii.      Loan xxxx6824  approximately $220,000 secured by a second mortgage on the Lake Rosalie Property.

        iii.      Loan xxxx1908 approximately $500,000 secured by a first lien on the "Farm 1 Property."

        iv.      Loan xxxx6201 approximately $150,000 secured by a second mortgage on the Farm 1 Property.

The Debtor has determined that, in its opinion, the liens are valid first and second mortgages that are enforceable and encumber the debtor's property.  There are no terms requiring the waiver or modification of Code provisions, including that of relief from stay.  There is no waiver or modification of the debtor's exclusive right to file a plan, no agreement concerning plan deadlines, waiver of applicability of non-bankruptcy law, release of any claim or cause of action, indemnity of any entity, release waiver or limitation of any right under §506(c), or the granting or limiting of rights under for Chapter 5 litigation or §723(a) or §724(a).

      d.    <u>Borrowing limits</u>. The maximum borrowing limit is twenty percent of the value of the "Summer Office Property," which Wauchula believes to be $950,000. Accordingly, the maximum borrowing limit is $220,000.

6. The Debtor currently has very little cash flow, but a lot of real state. Accordingly, the Debtor is unable to obtain unsecured credit allowable under § 503(b)(1) or any credit except on the terms herein.

7. <u>Lending in Good Faith</u>. Wauchula seeks to extend this credit to the Debtor in good faith for purposes of § 364(e) and the Debtor requests that the court so find;.

8. <u>Priority</u>. The credit shall be super-priority administrative expense claims on account of the Loans pursuant to 11 U.S.C. § 364(c) (1).

9. <u>Use of the Proceeds</u>. The Debtor intends to use the proceeds of the loan to hire Dan Dempsey as financial adviser (for which an application is pending) and continue the improvement of the Debtor's property by preparing it for the production of hay. The sale of the hay crop shall be used for funding the plan of reorganization.

10. <u>Immediate Borrowing Needs</u>. The Debtor is preparing a budget for the use of the funds and will present it prior to the hearing.

11. <u>Proposed Order</u>. Attached hereto as Exhibit "C" is a proposed order.

12. <u>Legal Authority</u>. Bankruptcy Code § 364 provides in relevant part:

> **(c)** If the trustee is unable to obtain unsecured credit allowable under section 503 (b)(1) of this title as an administrative expense, the court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt—
>     **(1)** with priority over any or all administrative expenses of the kind specified in section 503 (b) or 507 (b) of this title;
>     **(2)** secured by a lien on property of the estate that is not otherwise subject to a lien; or
>     **(3)** secured by a junior lien on property of the estate that is subject to a lien.

**(d)**
    **(1)** The court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt secured by a senior or equal lien on property of the estate that is subject to a lien only if—
        **(A)** the trustee is unable to obtain such credit otherwise; and
        **(B)** there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted.
    **(2)** In any hearing under this subsection, the trustee has the burden of proof on the issue of adequate protection.

Therefore, Debtor requests the order of this Court authorizing the Credit Agreement and granting such further relief as may be appropriate.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing with attachments has been provided on August 22, 2013: (i) to all "filing users" through the CM/ECF filing system; (ii) and by first class United States mail all creditors and interested parties as listed on the mailing matrix attached to the original of this document filed with the court.

    /s/ Frank M. Wolff
    Frank M. Wolff
    Florida Bar No. 319521
    Wolff, Hill, McFarlin & Herron, P.A.
    1851 W. Colonial Drive
    Orlando, FL 32804
    Telephone (407) 648-0058
    Facsimile (407) 648-0681
    fwolff@whmh.com

    Attorneys for Debtor