UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

                                                    Chapter 11

South Florida Sod, Inc.,                      Case No.:  6:13-bk-08466-CCJ

      Debtor.
_____/

**SECOND PRELIMINARY ORDER ON DEBTOR'S MOTION
TO USE CASH COLLATERAL AND NOTICE OF CONTINUED HEARING**

This case came before the Court at a hearing on August 19, 2013 to consider and act upon the motion by debtor-in-possession to use cash collateral (Doc. No. 39).  For the reasons stated and recorded in open Court, it is ORDERED that:

    1.    <u>Cash Collateral Authorization</u>.  Subject to the provisions of this order, Debtor is authorized to use cash collateral to pay: (a) operating expenses of the debtor and payments to the US Trustee for quarterly fees in an amount not to exceed $45,000 of cash collateral; and (b) such additional amounts as may be expressly approved in writing by Orange Hammock Ranch, LLC ("Secured Creditor").  This authorization will continue until further order of the Court.  Except as authorized in this order, Debtor is prohibited from use of cash collateral.

    2.    <u>Debtor Obligations</u>. Debtor shall timely perform all obligations of a debtor-in-possession required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the orders of this Court.  Debtor shall provide a report of what cash collateral has been collected and spent of the cash collateral August 30, 2013.

    3.    <u>Access to Premises</u>.  Upon reasonable notice, and provided that it does not unreasonably interfere with the business of Debtor, Debtor shall grant to Secured Creditor and its agents and representatives  access to Debtor's premises for inspection.

4. <u>Replacement Lien</u>.  Each creditor with a security interest in cash collateral shall have a perfected post-petition lien against cash collateral to the same extent and with the same validity and priority as the prepetition lien, without the need to file or execute any document as may otherwise be required under applicable non-bankruptcy law.

5. <u>Insurance</u>.  Debtor shall maintain insurance coverage for its property in accordance with the obligations under the loan and security documents with Secured Creditor.

6. <u>Non-Waiver of Rights and Remedies.</u>  This Order is not intended to and shall not prejudice, alter, affect, or waive any rights and/or remedies of Debtor or Secured Creditor, with respect to liens, claims, value determinations, request for additional adequate protection, and all other matters under the Bankruptcy Code or applicable non-bankruptcy law, including but in no way limited to claims of Secured Creditor for administrative expense or superiority claims under code section 503 and 507.

7. <u>Creditor Committee</u>.  The provisions of this Order are without prejudice to the rights of the United States Trustee to appoint a committee or any rights of a duly appointed committee to challenge the validity, priority or extent of any lien(s) asserted against cash collateral.

8. <u>Continued Hearing</u>.  An evidentiary hearing on the motion and any objection is continued to **September 5, 2013 at 1:30 p.m.**

DONE and ORDERED in Orlando, Florida, on September 3, 2013.

_____
Cynthia C. Jackson
United States Bankruptcy Judge

Attorney, Frank M. Wolff, is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of the entry of the order