UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                                                    Chapter 11
                                                                          Case no. 6:13-bk-08466-CCJ
South Florida Sod, Inc.

   Debtor.
_____/

INTERIM ORDER GRANTING DEBTOR'S MOTION FOR
AUTHORITY TO OBTAIN DEBTOR IN POSSESSION FINANCING
FROM WAUCHULA STATE BANK, AND NOTICE OF FINAL HEARING

This case came before the court at a hearing on September 5, 2013 to consider and act upon the Debtor's Motion (the "Motion") (Doc. no. 72) for Authority to Obtain Credit from Wauchula State Bank ("Wauchula"). The Court finds as follows:

1. On July 9, 2013 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of 11 U.S.C. §§ 101 *et seq*. The Debtor continues in possession of its property, and has been authorized to operate its business as a debtor-in-possession pursuant to 11 U.S.C. § 1108.

2. This Court has jurisdiction over this case and the Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the Motion is a "core proceeding" as defined in 28 U.S.C. § 157(b)(2).

3. The Debtor does not have sufficient available sources of working capital and financing to carry on the operation of its business without the post-petition financing proposed in the Motion.

4. Because of the Debtor's current financial condition and its pre-petition financings, the Debtor is unable to obtain unsecured credit allowable under 11 U.S.C. § 503(b)(1) as an administrative expense. Financing on a post-petition basis is not otherwise

available without the Debtor: (i) granting, pursuant to 11 U.S.C. § 364(c)(1), claims having priority over any and all administrative expenses of the kind specified in 11 U.S.C. §§ 503(b) and 507(b) and (ii) securing, pursuant to 11 U.S.C. § 364(d), the proposed financing with first mortgage on the "Summer Office Property" and a second mortgage on the "McCall Ranch Property"

5. The proposed post-petition financing has been negotiated in good faith and at arm's length between the Debtor and Wauchula, and any credit extended and loans made to the Debtor pursuant to the Term Sheet (in the form attached hereto as Exhibit A and as modified herein, and the promissory note(s), the loan agreement and the mortgage and security agreement and all documents and agreements executed in connection therewith, the (DIP Agreements"), shall be deemed to have been extended or made, as the case may be, in good faith as required by, and within the meaning of, 11 U.S.C. § 364(e).

6. Appropriate notice of the Motion, the financing proposed in the Term Sheet, and the hearing thereon was provided to parties in interest.

Based upon the foregoing findings and conclusions, and for the reasons stated and recorded in open court, it is

ORDERED:

1. The Motion is granted. The Debtor is authorized on an interim basis to borrow from Wauchula, in an amount not to exceed $100,000, and this borrowing is deemed an administrative expense priority.

2. The Debtor is authorized to execute the promissory note(s), the loan agreement, and the mortgage and security agreement and all documents and agreements executed in connection therewith, (the "DIP Agreements"), perform its obligations under

this Interim Order and the DIP Agreements, and obtain credit and incur debt on the terms and conditions in the DIP Agreements and this Interim Order; *provided, however*, that pending a final hearing or further interim hearing on the Motion, the amount of the lending is approved on an interim basis and the Debtor is authorized to borrow through October 17, 2013 in accordance with the Budget attached as Exhibit B.

3. All objections of parties in interest, raised at the hearing or otherwise, with respect to the interim financing are overruled in their entirety; however any and all objections to final financing under the DIP Agreements are hereby preserved and may be raised by any party in interest at any future interim or final hearing on financing under the DIP Agreements.

4. As security for the obligations arising from this Interim Order, Wauchula shall have and hereby is granted (effective upon the date of this Interim Order and without the necessity of the execution by the Debtor of mortgages, security agreements, pledge agreements, financing statements, or otherwise), valid, binding, enforceable, and perfected (i) a second mortgage on the property known as the "McCall Ranch" located in Sarasota County, Florida, junior only to that of Orange Hammock Ranch, LLC; and (ii) a first mortgage lien on the property known as "Summer Office," located in Michigan. The mortgage attached as Exhibit B to the motion that was recorded post-petition in error on the Summer Office Property is hereby ratified.

5. The Debtor is authorized to perform all acts, and execute and comply with the terms of such other documents, instruments and agreements, in addition to the DIP Agreements, as Lender may reasonably require, as evidence of and for the protection of any amounts loaned to the Debtor pursuant to the DIP Agreements or which otherwise may be

deemed reasonably necessary by Lender to effectuate the terms and conditions of this Interim Order and the DIP Agreements. Having been found to be extending credit and making loans to the Debtor in good faith, Lender shall be entitled to the full protection of 11 U.S.C. § 364(e) with respect to the obligations under this Interim Order and the DIP Agreements and liens created or authorized by this Interim Order or the DIP Agreements in the event that this Interim Order or any authorization contained herein is stayed, vacated, reversed or modified on appeal. Any stay, vacation, reversal, or modification of this Interim Order shall not affect the validity of any obligation of the Debtor to Lender incurred pursuant to this Interim Order or the DIP Agreements.

6.  A further hearing on the Motion will be held before this Court on October 17, 2013 at 1:30 p.m.

DONE and ORDERED at Orlando, Florida, on *Sept. 18, 2013*.

_____
Cynthia C. Jackson
United States Bankruptcy Judge

Attorney, Frank M. Wolff, is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of the entry of the order



Established 1929

August 22, 2013

South Florida Sod, Inc.
Wiley T. McCall
Nancy McCall
4366 E. Kinsey Rd.
Avon Park, Fl. 33825

Re: Debtor-in-Possession (DIP) financing

Dear Mr. & Mrs. McCall;

Wauchula State Bank (Bank) has reviewed your request for DIP financing.

We can offer you the following terms and conditions for this request:
   1. Line of credit loan not to exceed 25% of the appraised value of the Burnt Island, Michigan property at 10% fixed interest with 3 points at inception and Interest payable quarterly. The loan amount will be $220,000.00. Loan secured by first real estate mortgage on Burnt Island property along with a second mortgage given to further secure on the Toledo Blade/I-75 property in Sarasota Co. Fl. The order approving this debtor-in-possession loan is to provide that Wauchula State Bank is granted administrative expense priority for all amounts advanced, the interest accrued thereon, and any charges incurred under this credit facility.
   LOC Loan all due at confirmation of the Chapter 11 reorganization plan, or upon the sale of the I75 property. Term not to exceed 18 months.
   2. Draws – terms and conditions to be determined by Bank.
   3. Subject to:
      Receipt of Certified Appraisal of acceptable quality.
      Timely payment of real estate taxes on Burnt Island property for 2013 and all ensuing years during the term of this credit facility.
      Hazard Insurance with loss payee clause to Wauchula State Bank.
      Address all flood certification issues.

This offer is contingent upon the approval of the bankruptcy court. If there are additional restrictions or requirements imposed by the bankruptcy court, this offer of financing will be reconsidered by the Bank prior to its final approval. Should you have any questions, please have your counsel call Patti W. Halloran Esq., Gibbons, Neuman, Bello, Segall, Allen & Halloran, P. A. 813-877-9222 our representative for your Chapter 11.

Sincerely,

Donald H. Canary
Vice President

www.wauchulastatebank.com

106 East Main Street • P. O. Box 248 • Wauchula, Florida 33873
Phone: (863) 773-4151 • Fax: (863) 773-0419

Exhibit A

| | SEPTEMBER | OCTOBER | NOVEMBER | DECEMBER | | |
|---|---|---|---|---|---|---|
| BEGINNING CASH BALANCE | $ 9,672 | $  - | $  - | $  - | | |
| RECEIPTS | | | | | | |
| Stump Payment | 57,000 | 76,000 | 76,000 | 76,000 | | 4 loads/wk week 1&2 in Sept, go to 8 loads/wk bal of Sept & all of Oct & Nov |
| Hay Sales | 91,980 | - | - | - | | Per cash flow schedule |
| Rental Income | 1,200 | 1,200 | 1,200 | 1,200 | | Lake Shipp |
| Total Income | 150,180 | 77,200 | 77,200 | 77,200 | | |
| OPERATING EXPENDITURES | | | | | | |
| Payroll | 40,000 | 40,000 | 40,000 | 40,000 | | Based on Aug of $44,000 for 5 wks=$8800/wk. some weeks could be higher |
| Fuel | 15,000 | 15,000 | 15,000 | 15,000 | | Based on Aug expenditure |
| Hauling | 24,000 | 32,000 | 32,000 | 32,000 | | $40/ld x 25 tons/ld x number of loads as per income line |
| Utilities | 6,000 | 6,000 | 6,000 | 6,000 | | Based on August |
| Hayfield Planting-Farm 1 | 35,880 | - | - | - | | Per Farm 1 cash flow schedule |
| Hayfield Maintenance-Farm 2 | 8,048 | - | - | - | | Per Farm 2 cash flow schedule |
| Hayfield Planting-Zolfo Srings | 22,240 | | | | | |
| Equipment Lease | 9,243 | 9,243 | 9,243 | 9,243 | | Volvo-5,242, tractor-4000- Wiley ck tractor lease length |
| Telephone/Internet | 3,500 | 3,500 | 3,500 | 3,500 | | |
| Repairs & Maintenance | 6,000 | 6,000 | 6,000 | 6,000 | | Increased over Aug for increase stumping and hay operations |
| Office Supplies | 500 | 500 | 500 | 500 | | |
| Insurance-Operating | 549 | 12,549 | 5,880 | 5,880 | | Renewal est at 60k. 20% down 9 monthly payments of balance |
| Insurance-Medical | 615 | 615 | 615 | 615 | | |
| Contract Services | 6,500 | 6,500 | 6,500 | 6,500 | | $1500/wk |
| Security | 400 | 400 | 400 | 400 | | |
| Tax return preparation | | | 9,000 | | | |
| Truck payment | 731 | 731 | 731 | 731 | | |
| Outside Services | 5,000 | 5,000 | 5,000 | 5,000 | | Road service calls, outside repairs |
| US Trustee fees | | | 4,875 | | | |
| Miscellaneous | 100 | 100 | 100 | 100 | | |
| Dues and Subscriptions | 125 | 125 | 125 | 125 | | |
| Total | 184,431 | 138,263 | 145,469 | 131,594 | | |
| NET OPERATING RECEIPTS (DISBURSMENT) | (34,251) | (61,063) | (68,269) | (54,394) | | |
| ENDING CASH POSITION | (24,579) | (61,063) | (68,269) | (54,394) | | |
| BEGINNING BANK LOAN AVAILABLE(1) | 205,900 | 181,321 | 120,258 | 51,989 | | (1) Bank Loan |
| | | | | | | Gross Loan   220,000 |
| | | | | | | Point rate   0.03 |
| | | | | | | Point Dollars   6,600 |
| DEFICIT COVERED | (24,579) | (61,063) | (68,269) | (54,394) | | Dempsey retainer   7,500 |
| REMAINING BANK LOAN AVAIABLE | 181,321 | 120,258 | 51,989 | (2,405) | | Net Cash Available   205,900 |

Exhibit B