UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

South Florida Sod, Inc.

Debtor.
______________________________/

Chapter 11
Case No. 6:13-bk-08466-CCJ

# DEBTOR'S PLAN OF REORGANIZATION

**Dated October 7, 2013**

Frank M. Wolff
Florida Bar No. 319521
Wolff, Hill, McFarlin & Herron, P.A.
1851 W. Colonial Drive
Orlando, FL 32804
Telephone (407) 648-0058
Facsimile (407) 648-0681
fwolff@whmh.com

Attorneys for Debtor and
Debtor in Possession

**TABLE OF CONTENTS**

**ARTICLE I -- DEFINITIONS - INTERPRETATION** ..... 1
A. Definitions ..... 1
B. Bankruptcy Code Definitions ..... 3
C. Interpretation ..... 4

**ARTICLE II -- TREATMENT AND CLASSIFICATION OF CLAIMS AND INTERESTS** ..... 4
A. General Rules of Classification ..... 4
B. Unimpaired ..... 4
C. Impaired ..... 4
D. Allowed Priority Tax Claims ..... 7
E. Allowed Administrative Claims ..... 7
F. Impairment/Classification Controversies ..... 7

**ARTICLE III -- EXECUTORY CONTRACTS AND UNEXPIRED LEASES** ..... 7
A. Assume ..... 7
B. Reject ..... 7

**ARTICLE IV -- ACCEPTANCE OR REJECTION OF PLAN; EFFECT OF REJECTION BY ONE OR MORE CLASSES** ..... 8
A. Classes Entitled to Vote ..... 8
B. Class Acceptance Requirement ..... 8
C. Cramdown ..... 8

**ARTICLE V -- MEANS FOR IMPLEMENTATION OF PLAN** ..... 8
A. Existence and Management ..... 8
B. Officers and Directors. ..... 8
C. Restated Articles of Incorporation ..... 8
D. Revesting of Assets ..... 8
E. Assumption of Liabilities ..... 9
F. Avoidance Actions ..... 9

**ARTICLE VI -- PROVISIONS GOVERNING DISTRIBUTION** ..... 9
A. Pro Rata Distribution ..... 9
B. De Minimis Distributions ..... 9
C. Distribution Date ..... 9
D. Disbursing Agent ..... 10
E. Cash Payments ..... 10
F. Delivery of Distributions ..... 10
G. Time Bar to Cash Payments ..... 10

**ARTICLE VII -- PROCEDURES FOR RESOLVING AND TREATING CONTESTED CLAIMS** .......... 10
A. Objection Deadline .......... 10
B. Prosecution of Objections .......... 10
C. No Distributions Pending Allowances .......... 10
D. Escrow of Allocated Distributions .......... 11
E. Distributions After Allowance .......... 11
F. Distributions After Disallowance .......... 11

**ARTICLE VIII -- TRUSTEE FEES** .......... 12

South Florida Sod, Inc., the above-named Debtor, has filed this Plan pursuant to Section 1121 of the Bankruptcy Code.

## ARTICLE I -- DEFINITIONS – INTERPRETATION.

**A. Definitions**. For purposes of this Plan, the following definitions shall apply unless the context clearly requires otherwise:

1. Administrative Expense shall mean a cost or expense of administration of the Chapter 11 Case allowed under §§503(b) and 507(a)(2) of the Bankruptcy Code.

2. Allowed when used with respect to a Claim or Interest, shall mean a Claim or Interest (a) proof of which was filed with the Bankruptcy Court on or before the Bar Date, and (i) as to which no objection has been filed by the Objection Deadline, unless such Claim or Interest is to be determined in a forum other than the Bankruptcy Court, in which case such Claim or Interest shall not become allowed until determined by Final Order of such other forum and allowed by Final Order of the Bankruptcy Court; or (ii) as to which an objection was filed by the Objection Deadline, to the extent allowed by a Final Order; (b) allowed by a Final Order; or (c) listed in the Debtor's schedules filed in connection with this Chapter 11 Case and not identified as contingent, unliquidated, or disputed.

3. Bankruptcy Rules mean the Federal Rules of Bankruptcy Procedure, as amended, and as supplemented by the Local Rules of Practice and Procedure of the Bankruptcy Court, as amended.

4. Bar Date shall mean the date fixed by order of the Bankruptcy Court by which a proof of Claim or Interest must be filed against the Debtor.

5. Bankruptcy Code shall mean 11 U.S.C. §101 et seq., and any amendments thereto.

6. Bankruptcy Court shall mean the United States Bankruptcy Court, Middle District of Florida, Orlando Division, and any court having competent jurisdiction to hear appeals or certiorari proceedings therefrom.

7. Business Day shall mean any day except Saturday, Sunday, or any legal holiday.

8. Chapter 11 Case shall mean the above reference Chapter 11 reorganization case of the Debtor pending in the Bankruptcy Court.

9. Claim shall mean, as defined in §101(5) of the Bankruptcy Code: (a) any right to payment from the Debtor, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from the Debtor, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

10. Class means a group of Claims of Interests substantially similar to each other as classified under this Plan.

11. Confirmation Date shall mean the date of entry of the Confirmation Order.

12. Confirmation Order shall mean the order entered by the Bankruptcy Court confirming the Plan.

13. Contested when used with respect to a Claim or Interest, shall mean a Claim or Interest that is not an Allowed Claim or Interest.

14. Disallowed when used with respect to a Claim or Interest, shall mean a Claim or Interest to the extent 10 days has expired since it has been disallowed by order of the Bankruptcy Court, unless proper application for a stay of such order has been made within such 10 day period, in which case the Claim or Interest shall be disallowed 30 days after entry of the order disallowing such Claim or Interest, unless prior to the expiration of such period, a stay is obtained with respect to the order disallowing the Claim or Interest.

15. Disclosure Statement means the disclosure statement of the same date as this Plan that was filed by the Debtor and approved by the Bankruptcy Court pursuant to Bankruptcy Code Section 1125 and any amendments thereto, including all exhibits.

16. Distribution Date when used with respect to each Claim or Interest shall mean as soon as practicable after the later of (a) the Effective Date, or (b) the first Business Day of the next calendar month after the date upon which the Claim or Interest becomes an Allowed Claim or Interest, unless the Claim or Interest becomes an Allowed Claim or Interest within fifteen days before the first Business Day of the next calendar month, in which case the Distribution Date shall be the first Business Day of the next succeeding calendar month.

17. Effective Date shall mean: (a) if no stay of the Confirmation Order is in effect, then the date which a Business Day selected by the Debtor which is not more than thirty (30) days following the date of the Confirmation Order; or (b) if a stay of the Confirmation Order is in effect, then the date which is a Business Day selected by the Debtor which is not more than thirty (30) days following the date the stay is vacated or any appeal, rehearing, remand or petition for certiorari is resolved in a manner that does not reverse or materially modify the Confirmation Order.

18. Final Order means an order of the Bankruptcy Court, which order shall not have been reversed, stayed, modified or amended and the time to appeal from or to seek review or rehearing of such order shall have expired and which shall have become final in accordance with applicable law.

19. Interest means the equity interests in the Debtor.

20. Objection Deadline means the date by which objections to Claims and Interests must be filed with the Bankruptcy Court which shall be 30 days after the Confirmation Date, unless otherwise extended by the Bankruptcy Court.

21. Other Secured Claims means any Secured Claim except the Secured Claims separately classified under the Plan.

22. Petition Date shall mean July 9, 2013, the date on which the petition for relief was filed in the Chapter 11 case.

23. Plan shall mean this Chapter 11 plan, as amended in accordance with the terms hereof or modified in accordance with the Bankruptcy Code.

24. Priority Non-Tax Claim shall mean a Claim entitled to priority pursuant to §§507(a)(3), 507(a)(4), 507(a)(5), 507(a)(6) or 507(a)(7) of the Bankruptcy Code.

25. Priority Tax Claim shall mean a Claim entitled to priority pursuant to §507(a)(8) of the Bankruptcy Code.

26. Pro Rata Share means the ratio that the amount of a particular Allowed Claim or Interest bears to the total amount of Allowed Claims or Interests of the same class, including Contested Claims or Interests, but not including Disallowed Claims or Interests, as calculated by the Debtor as of the Distribution Date.

27. Secured Claim shall mean a Claim secured by a lien against property in which the Debtor has an interest, or which is subject to setoff under §553 of the Bankruptcy Code to the extent of the value (determined in accordance with §506(a) of the Bankruptcy Code) of the interest of the holder of such Claim in the Debtor's interest in such property or to the extent of the amounts subject to such setoff, as the case may be.

28. Unsecured Claim means a Claim other than an Administrative Expense, a Priority Non-Tax Claim, a Priority Tax Claim, or a Secured Claim.

**B. Bankruptcy Code Definitions**. Definitions in the Bankruptcy Code and Bankruptcy Rules shall be applicable to the Plan unless otherwise defined in the Plan. The rules of construction in Bankruptcy Code §102 shall apply to the Plan.

**C.** **Interpretation**. Unless otherwise specified, all section, article and exhibit references in the Plan are to the respective section in, article of, or exhibit to, the Plan, as the same may be amended, waived, or modified from time to time. The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the provisions hereof. Words denoting the singular number shall include the plural number and vice versa, and words denoting one gender shall include the other gender. As to contested matters, adversary proceedings, and other actions or threatened actions, this Plan and the Disclosure Statement shall not be construed as a stipulation or admission, but rather, as a statement made in settlement negotiations.

## ARTICLE II -- TREATMENT AND CLASSIFICATION OF CLAIMS AND INTERESTS

Claims against and Interests in the Debtor will be classified and treated as follows except to the extent otherwise agreed.

**A.** **General Rules of Classification**. Generally, a Claim or Interest is classified in a particular Class only to the extent the Claim or Interest qualifies within the description of the Class, and is classified in another Class or Classes to the extent any remainder of the Claim qualifies within the description of such other Class. If a Claim qualifies for inclusion in a more specifically defined Class, then the Claim shall be included only in the more specifically defined Class. Notwithstanding anything contained herein to the contrary, if a Claim is not allowed, then the Debtor is not bound by any classification made or implied herein.

**B.** **Unimpaired**. The following classes of Claims are unimpaired and the Plan does not alter the legal, equitable, or contractual rights of the holders of such Claims:

Class I - Allowed Other Secured Claims. This Class consists of Secured Claims not otherwise classified under the Plan, including Claims secured by security deposits held by utilities. Debtor is not aware of any material Claims in this Class. The Plan does not alter the legal, equitable, or contractual rights of the holders of such Claims.

Class II - Allowed Non-Tax Priority Claims. This Class consists of Claims entitled to priority under Code sections 507(a)(1)-(7), except Administrative Expenses. Holders of such Claims shall receive on account of such Claims, cash in the amount of such Claims.

Class III - Allowed Secured Claim of Ford Motor Credit Company, LLC. This claim is secured by a vehicle loan. This creditor shall retain its lien. Payments are current and shall be maintained on contract terms.

**C.** **Impaired**. The following Claims and Interests are impaired:

Class IV - Allowed Secured Claim of Ascot Capital LLC-3. This creditor holds a tax certificate on real estate located at 1700 N. Lake Shipp Drive, Winter Haven, Florida. This creditor shall retain its lien to the extent that it is Allowed. It shall be paid in full from the proceeds of the sale of the McCall Ranch.

Class V - Allowed Secured Claim of ATCFII Florida-A LLC (Alterna). This creditor holds a tax certificate on real estate parcel 292928000000014010, located 2649 Mar Lisa Cove Road, Lake Wales, Florida.. This creditor shall retain its lien to the extent that it is Allowed. It shall be paid in full from the proceeds of the sale of the McCall Ranch.

Class VI – Allowed Secured Claim of TLGFY, LLC. This creditor holds a tax certificate on real estate parcel 292928000000012010, located 2649 Mar Lisa Cove Road, Lake Wales, Florida. This creditor shall retain its lien to the extent that it is Allowed. It shall be paid in full from the proceeds of the sale of the McCall Ranch.

Class VII - Allowed Secured Claim of Chippewa Co. Tax Collector. This creditor holds a lien on the real property of the Debtor located at Burnt Island, Chippewa County, Michigan. This creditor shall retain its lien to the extent that it is Allowed and shall be paid in full from the proceeds of the sale of the McCall Ranch.

Class VIII – Allowed Secured Claim of Highlands County Tax Collector. This creditor holds a lien on real estate and tangible property of the Debtor located in Highlands County, Florida. This creditor shall retain its lien to the extent that it is Allowed and shall be paid in full from the proceeds of the sale of the McCall Ranch.

Class IX – Allowed Secured Claim of Garfield County Treasurer. This creditor holds a lien on the real property of the Debtor located in Garfield County, Montana. This creditor shall retain its lien to the extent that it is Allowed and shall be paid in full from the proceeds of the sale of the McCall Ranch.

Class X – Allowed Secured Claim of George D. Warthern Bank. This Class consists of the Claim of George D. Warthern Bank in the approximate amount of $2,164,768.91, secured by a first mortgage on property known as Little Ocmulgee Property, located in Wheeler County, Georgia. This property is scheduled to sell at auction prior to confirmation. By the agreement of the Debtor and the George D. Warthen Bank the deficiency, if any, will be discharged and the guarantees held against the principals of the Debtor shall be forgiven.

Class XI – Allowed Secured Claim of Great Oak Pool 1, LLC. This Class consists of the Claim of Great Oak Pool 1, LLC in the approximate amount of $2,040,609.00, secured by a first mortgage on real property known as the North Carolina Property, located in Clay and Cherokee Counties, North Carolina. The holder of such claim shall receive on account of such claim a deed in lieu of foreclosure from the Debtor. Any deficiency shall be discharged and the guarantees held against the principals of the Debtor shall be released.

.

Class XII – Allowed Secured Claim of Orange Hammock Ranch, LLC. This Class consists of the Claim of Orange Hammock Ranch, LLC in the approximate amount of $11,150,000.00, secured by a first mortgage on the property known as McCall's Ranch, located in Sarasota County, Florida. The holder of such claim shall receive on account of such claim payment in full from the proceeds of the auction of the McCall Ranch Property.

Class XIII – Allowed Secured Claim of Wauchula State Bank for Lake Rosalie and Farm 2. This Class consists of the Claim of Wauchula State Bank in the approximate amount of $3,000,000, secured by a first and second mortgage on real property known as Camp Mack Road/Lake Rosalie Property, located in Polk County, Florida and the Farm 2 Property, located in Highlands County. The holder of such claim shall retain its lien and shall receive on account of such claim:

1. Lien. Holder of the Allowed Secured Claim shall retain its lien on the property of the estate securing the Allowed Secured Claim.

2. Interest Rate. Interest shall accrue on the Allowed Secured Claim from the Effective Date.

3. Payment. The holder of this Allowed Claim shall be paid in full from the proceeds of the sale of the McCall Ranch.

4. Guarantor. On or before the Effective Date, guarantor of the Claim shall execute consents and reaffirmations of the Claim and modification of the Claim as provided in the Plan.

Class XIV – Allowed Secured Claim of Wauchula State Bank for Farm 1. This Class consists of the Claim of Wauchula State Bank in the approximate amount of $550,000, secured by a first and second mortgage on real property known as Farm 1, located in Highlands County, Florida. The holder of such claim shall retain its lien and shall receive on account of such claim:

1. Lien. Holder of the Allowed Secured Claim shall retain its lien on the property of the estate securing the Allowed Secured Claim.

2. Interest Rate. Interest shall accrue on the Allowed Secured Claim from the Effective Date.

3. Payment. The holder of this Allowed Claim shall be paid in full from the proceeds of the sale of the McCall Ranch.

Class XV The Secured Post Petition Administrative Claim of Wauchula State Bank. The Debtor, during the course of the Case obtained a $220,000 debtor in possession loan from Wauchula State Bank. It is secured by a first mortgage on the Burnt Island Property and a second mortgage on the McCall Ranch Property. To the extent drawn upon by the Debtor, this claim shall be paid from the proceeds of the sale of the McCall Ranch.

Class XVI - Allowed Unsecured Claims of Affiliate. This class shall receive nothing on the claim.

Class XVII - Allowed Unsecured Claims. The Allowed Unsecured claims shall be paid from the proceeds of the sale of the McCall Ranch.

Class XVIII - Allowed Interest. The stockholder of the debtor is Wiley T. McCall. The holder of interests of stockholder shall retain his interest under the Plan.

**D. Allowed Priority Tax Claims**. Such Claims consist of Unsecured Claims of governmental units for taxes allowed under Bankruptcy Code §507(a)(8). The Debtor does not believe there are any significant priority tax claims.

**E. Allowed Administrative Claims**. Except to the extent otherwise specified in the Plan, each holder of an Allowed Administrative Expense against the Debtor shall receive on account of such Claim, the amount of such holder's Allowed Expense in one cash payment on the Distribution Date, or shall receive such other treatment as agreed upon in writing by the Debtor and such holder; provided that an Administrative Expense representing a liability incurred in the ordinary course of business by the Debtor may be paid in the ordinary course of business by the Debtor.

**F. Impairment/Classification Controversies**. If there is a controversy regarding the classification or impairment of a Claim or Interest, then such controversy shall be determined by the Bankruptcy Court after notice and a hearing.

## ARTICLE III -- EXECUTORY CONTRACTS AND UNEXPIRED LEASES.

In addition to executory contracts and unexpired leases previously assumed or rejected by the Debtor pursuant to Final Order of the Bankruptcy Court, the Plan constitutes and incorporates any motion by the Debtor to:

**A. Assume**. Debtor will assume the following executory contracts and unexpired leases:

| Name | Contract/Lease |
|---|---|
| VFS Leasing | lease of two 2013 Volvo EC220DL Excavators |
| Neil Butterworth | Residential Real Estate Lease for Lake Shipp Property |
| Pinova, Inc. | Harvesting contract for tree stumps |
| Pinova, Inc. | Freight Contract |

**B. Reject**. Debtor shall reject all executory contracts and unexpired leases not listed in subparagraph a. or assumed pursuant to Final Order of the Bankruptcy Court.

If the Bankruptcy Court has not previously entered an order approving assumption, rejection and/or assignment of leases and contracts, then the confirmation order shall constitute an order of the bankruptcy court approving all such assumptions, assignments, and rejections of executory contracts and unexpired leases as of the Effective Date.

**ARTICLE IV -- ACCEPTANCE OR REJECTION OF PLAN; EFFECT OF REJECTION BY ONE OR MORE CLASSES**.

**A. Classes Entitled to Vote**. Each impaired Class of Claims or Interests shall be entitled to vote separately to accept or reject the Plan. Any unimpaired Class of Claims or Interests shall not be entitled to vote to accept or reject the Plan.

**B. Class Acceptance Requirement**. A Class of Claims shall have accepted the Plan if it is accepted by at least two thirds in amount and more than one-half in number of the Allowed Claims of such class that had voted on the Plan. A Class of Interests shall have accepted the plan if it is accepted by at least two thirds in amount of the Allowed Interests of such Class that had voted on the Plan. If any ballot is executed and timely filed by the holder of an Allowed Claim or Interest but does not indicate acceptance or rejection of the Plan, then the ballot shall be deemed to be an acceptance.

**C. Cramdown**. If any impaired Class of Claims or Interests shall fail to accept the Plan in accordance with Bankruptcy Code §1129(a), then the Debtor reserves the right to request that the Bankruptcy Court confirm the Plan in accordance with Bankruptcy Code §1129(b).

**ARTICLE V -- MEANS FOR IMPLEMENTATION OF PLAN**

**A.** Sale of the McCall Ranch Prior to confirmation, the Debtor will sell the McCall Ranch Property at auction free and clear of all liens, claims, and interests. The proceeds of the sale will be used to pay first, all of the Allowed Claims secured by liens on that property. The remaining proceeds will be held in escrow. On the Effective Date of the plan the remaining assets will be utilized to pay the remaining Allowed Claims in the case. If the remaining proceeds are not sufficient to satisfy the claims, another property of the Debtor selected at the Debtor's discretion, shall be sold and the Allowed Claims paid with the proceeds of that sale.

**B. Existence and Management**. The Debtor shall continue to exist after the Effective Date as a corporation in accordance with the laws of the State of Florida.

**B. Directors and Officers**. The directors of Debtor will be determined after the Effective Date by the vote of the stockholders of Debtor.

**C. Restated Articles of Incorporation**. The articles of incorporation and bylaws of Debtor shall be amended as necessary to satisfy the provisions of the Plan and Bankruptcy Code.

**D. Revesting of Assets**. The property of the estate of the Debtor shall revest in the Debtor on the Effective Date, except as otherwise provided in the Plan. On and after the

Effective Date, the Debtor may operate its business and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code. As of the Effective Date, all property of the Debtor shall be free and clear of all Claims and Interests, except as specifically provided in the Plan.

**E. Assumption of Liabilities**. The liability for and obligation to make the distributions required under the Plan, shall be assumed by the Debtor which shall have the liability for and obligation to make all distributions of property under the Plan.

**F. Avoidance Actions**. Causes of action assertable by the Debtor pursuant to Bankruptcy Code §§542, 543, 544, 545, 547, 548, 549, 550, or 553 shall, except as otherwise provided in the Plan, be retained by the Debtor. Any net recovery realized by a Debtor on account of such causes of action, shall be the property of the Debtor.

## ARTICLE VI -- PROVISIONS GOVERNING DISTRIBUTION.

**A. Pro Rata Distribution**. Unless otherwise provided in the Plan, for any Class of Claims or Interests that is impaired, the holders of such Claims or Interests shall receive a Pro Rata Share of the property to be distributed to the Class under the Plan. If, and when, Contested Claims or Interests in any such Class become Disallowed Claims or Interest, the Pro Rata Share to which each holder of an Allowed Claim or Interest in such Class is entitled, shall increase commensurately. Accordingly, the Debtor, in its sole discretion, shall have the right to make or direct the making of subsequent interim distributions to the holders of Allowed Claims or Interests in such Class to reflect any increases in the Pro Rata Share. In any event, as soon as practicable after all Contested Claims or Interests in any Class receiving Pro Rata Shares have become either Allowed or Disallowed, a final distribution shall be made to the holders of Allowed Claims or Interests in such Class to account for any final adjustment in the Pro Rata Share of such holders.

**B. De Minimis Distributions**. Notwithstanding any other provision of the Plan, there shall be no distribution of less than $20.00 on account of any Allowed Claim or Interest. If the Plan contemplates multiple distributions then the distribution shall accrue, without interest, and will be distributed on account of the Allowed Claim or Interest if and when the amount to be distributed equals or exceeds $20.00.

**C. Distribution Date**. Unless otherwise specified in the Plan or by order of the Bankruptcy Court:

1. Property to be distributed to an impaired Class under the Plan shall be distributed on the Distribution Date. Distributions to be made on the Distribution Date shall be deemed made on the Distribution Date if made on the Distribution Date or as soon as practicable thereafter, but in no event later than ten (10) Business Days after the Distribution Date.

2. Property to be distributed under the Plan to a Class that is not impaired shall be distributed on the latest of: (i) the Distribution Date; and (ii) the date on which the

distribution to the holder of the Claim or Interest would have been made in the absence of the Plan.

**D. Disbursing Agent**. The Debtor or such disbursing agent as the Debtor may employ, in its sole discretion, shall make all distributions required under the Plan.

**E. Cash Payments**. Cash payments made pursuant to the Plan shall be in U.S. funds, by check drawn against a domestic bank, or by wire transfer from a domestic bank.

**F. Delivery of Distributions**. Distributions and deliveries to holders of Allowed Claims and Interest shall be made at the addresses set forth on the proofs of Claim or Interest filed by such holders (or at the last known addresses of such holders if no proof of Claim or Interest is filed or if the Debtor has been notified of a change of address). If any distribution to a holder is returned as undeliverable, then no further distributions to such holder shall be made unless and until the Debtor is notified of the holder's then-current address, at which time all missed distributions shall be made to such holder, without interest. All Claims for undeliverable distributions shall be made on or before the fifth anniversary of the Distribution Date. After such date, all unclaimed property shall revert to the Debtor, and the claim of any holder with respect to such property shall be discharged and forever barred.

**G. Time Bar to Cash Payments**. Checks issued by the Debtor in respect of Allowed Claims shall be null and void if not cashed within ninety (90) days of the date of issuance thereof. Requests for reissuance of any checks shall be made directly to the Debtor by the holder of the Allowed Claim with respect to which such check originally was issued. Any claim in respect of such a voided check shall be made on or before the later of the fifth anniversary of the Distribution Date or ninety (90) days after the date of issuance of such check. After such date, all claims in respect of void checks shall be discharged and forever barred.

## ARTICLE VII -- PROCEDURES FOR RESOLVING AND TREATING CONTESTED CLAIMS.

**A. Objection Deadline**. Unless extended by the Bankruptcy Court, the Debtor shall file any objections to Claims or Interest no later than thirty (30) days after the Confirmation Date.

**B. Prosecution of Objections**. The Debtor shall have authority to file objections, litigate to judgment, settle, or withdraw objections to Contested Claims or Interests. All professional fees and expenses incurred by the Debtor from and after the Confirmation Date, shall be paid in the ordinary course of business without further order of the Bankruptcy Court.

**C. No Distributions Pending Allowances**. No payments or distributions shall be made with respect to any Contested Claim or Interest unless and until all objections to such Claim or Interest are resolved and such Claim becomes an Allowed Claim or Interest.

**D.** **Escrow of Allocated Distributions**. The Debtor shall withhold from the property to be distributed under the Plan, and shall place in escrow, amounts sufficient to be distributed on account of Contested Claims and Interest as of the Effective Date. As to any Contested Claim, upon a request for estimation by the Debtor, the Bankruptcy Court shall determine what amount is sufficient to withhold in escrow pending Disallowance of the Claim or Interest. The Debtor shall also place in escrow any dividends, payments, or other distributions made on account of, as well as any obligations arising from, the property withheld in escrow pursuant hereto, to the extent such property continues to be withheld in escrow at the time such distributions are made or such obligations arise. If practicable, the Debtor may invest any cash it has withheld in escrow in a manner that will yield a reasonable net return, taking into account the safety of the investment.

**E.** **Distributions After Allowance**. Payments and distributions from escrow to each holder of a Contested Claim or Interest, to the extent that such Claim or Interest ultimately becomes an Allowed Claim or Interest, shall be made in accordance with the provisions of the Plan governing the class of Claims or Interests to which the respective holder belongs. As soon as practicable after the date that the order or judgment of the Bankruptcy Court allowing such Claim or Interest becomes a Final Order, any property in escrow that would have been distributed prior to the date on which a Contested Claim or Interest became an Allowed Claim or Interest shall be distributed, together with any dividends, payments, or other distributions made on account of, as well as any obligations arising from, the property from the date such distributions would have been due had such Claim or Interest then been an Allowed Claim or Interest to the date such distributions are made.

**F.** **Distributions After Disallowance**. If any property withheld in escrow remains after all objections to Contested Claims or Interests of a particular class have been resolved, then such remaining property, to the extent attributable to the Contested Claims or Interests, shall be distributed as soon as practicable in accordance with the provisions of the Plan governing the class of Claims or Interests to which the Disallowed Claim or Interest belong.

**ARTICLE VIII -- TRUSTEE FEES**.

All fees payable under 28 U.S.C §1930, will be paid when due.

Dated: October 7, 2013

South Florida Sod., Inc.

By: /s/ Wiley T. McCall
Wiley T. McCall, President

/s/ Frank M. Wolff
Frank M. Wolff
Florida Bar No.319521
Wolff, Hill, McFarlin & Herron, P.A.
1851 W. Colonial Drive
Orlando, FL 32804
Telephone (407) 648-0058
Facsimile (407) 658-0681
fwolff@whmh.com

Attorneys for Debtor and
Debtor-In-Possession